LEAH CROSS *v.* DONALD CROSS.

[No. 1-1073A188. Filed March 26, 1974. Rehearing denied April 30, 1974. Transfer denied July 12, 1974.]

*Alan E. Yergin,* of New Castle, *Frank E. Spencer,* of Indianapolis, for appellant.

*White & Allen Law Office,* of New Castle, for appellee.

LOWDERMILK, J.—This action was commenced by the filing by the plaintiff-appellee (husband) of his complaint for divorce and custody. Thereafter, defendant-appellant (wife) filed her answer and cross complaint which also asked for a divorce and custody. The cause was submitted to the court, with the court entering a finding and judgment which granted the husband an absolute divorce from the wife and also granted the wife an absolute divorce from the husband. The court also awarded the care and custody of the one child born to the parties to the wife, with visitation rights granted to the husband. Husband was also required to pay $15.00 per week support for his child.

The court further set out a property settlement in its judgment, which shall be discussed herein. Wife timely filed her motion to correct errors, which was by the court overruled.

The parties to this action were married in 1967 and were separated in September of 1972. One child was born of this union. The wife had four children by a previous marriage. Throughout most of the marriage the wife was employed at Chrysler Corporation. The husband was a barber by trade.

The only issues raised by the motion to correct errors is whether the decision of the court was supported by sufficient evidence as to the division of property and whether such division was an abuse of discretion by the court, making the judgment contrary to law.

The property settlement was basically as follows. The court awarded to the husband several small personal items, on which no value was established; barber shop equipment valued at $400.00; real estate, including the barber shop and rental property valued at $10,500.00; and one-half of the net proceeds from the sale of jointly owned property after payment of a mortgage thereon. The court ordered the husband to make the following payments: any portion of the above mentioned mortgage not satisfied by the proceeds of the sale of the jointly owned property; two-thirds of a blanket mortgage ($9,932.00); to the Bank of Henry County ($270.00); to New Castle Lumber Company ($125.00); to Gulf Oil Company ($100.00); one-half of a revolving charge account with Sears, Roebuck & Co. (approximately $750.00); and an undetermined amount of taxes on another piece of property.

The court awarded to the wife many household items (value unknown); a 1969 Dodge Dart (value, $1,700.00); a 1971 Plymouth station wagon (no evidence of value); one-half the net proceeds from the sale of the jointly owned property less mortgage due thereon, and a house owned by the wife (market value, over $8,000.00). The court ordered the wife to make the following payments: one-third of the blanket mortgage ($4,966.00); indebtedness on the 1971 Plymouth station wagon (lien on both cars—$2,900.00); to L. S. Ayres & Co. ($87.19); to Wm. H. Block Co. ($171.93); to Myers Furniture ($670.00); and one-half the Sears revolving charge account (approximately $750.00).

There is evidence that the husband acquired the barber shop and equipment by obtaining a loan with the wife's mother as a co-signer.

The wife entered the marriage with the residence used by the parties, and furniture. The wife argues that the decision of the trial court on the property settlement was not just, fair or equitable and constituted a severe abuse of discretion by the trial court. The wife points out that no evidence of the value of some of the property was established.

The husband contends that the decision of the trial court was justified by the evidence adduced at trial and that there is no abuse of discretion. The husband further contends that the position of the wife apparently is that she should somehow be better off after her marriage than she was before, but that the husband should not be ahead of the game. The husband also points out that the wife made no objection to the awarding of the items for which there was no evidence of value at the time of the decree and that now her only objection is to the mere fact of no evidence of value. In fact, she voluntarily turned over to him the articles which he requested from the home of the parties.

In reply, the wife again contends that the decision on property settlement was arbitrary in that the wife may have provided a greater share of the income for the marriage than the husband. The wife points out that the husband may have a difficult time in assuming the obligations placed upon him by the court, thus making the wife liable for mortgage payments should the husband default.

This court, in the case of *Plese* v. *Plese* (1970), 146 Ind. App. 545, 257 N.E.2d 318, 323, discussed the allegation of abuse of discretion in property settlements as follows:

> "It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal."

Judge Robertson of this court, in the case of *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555, reiterated the principle that the decision of the trial court relating to property settlements is reversible for an abuse of discretion only, and held:

> ". . . The judicial discretion in a case of this nature is an exercise of official conscience, not arbitrarily, willfully, or passionately exercised, but based upon the facts and circumstances of the particular case with regard to what is right and equitable under the applicable law and to the

end of a just result. The appellant's responsibility is to show a clear abuse of judicial discretion. [Cases cited omitted.]"

\* \* \*

". . . The trial judge fulfilled his responsibilities in this case by determining from the evidence before him the amount and the method of payment of the alimony."

See, also, *Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N.E.2d 339.

In the case of *Jackman* v. *Jackman* (1973), 156 Ind. App. 27, 294 N.E.2d 620, this court was presented with a similar situation in which the value of certain property involved in a property settlement was not established by the evidence. We held that the trial court had the right to consider the ordinary affairs in the lives of men and women and that the trial court could consider its own knowledge as to the value of certain property.

The property for which no value was established in the case at bar is not unique in nature and does not require great expertise to establish its value. It is our opinion that the trial court committed no error by awarding this property for which no actual value had been established, and even if some technical error was committed said error was harmless. Rule TR. 61.

We have closely examined the evidence adduced at trial relating to the property settlement and it is our opinion that there was sufficient evidence to support the decision of the trial court and there was no abuse of discretion on the part of the trial court in its property settlement judgment.

Finding no abuse of discretion, we necessarily hold that the decision of the trial court was not contrary to law.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 308 N.E.2d 717.