FAITH TRIMBLE *v.* LLOYD TRIMBLE.

[No. 1-275A38.  Filed January 12, 1976.]

Gerald R. Thom, Cox and Thom, of Jasper, for appellant.

Philip D. Waller, Robert G. Leonard, Fitzpatrick, Chambers & Waller, of Washington, for appellee.

ROBERTSON, C.J.—The respondent-appellant (Wife) is appealing the trial court's division of property in a dissolution of marriage action commenced by the petitioner-appellee (Husband). She contends the property settlement constitutes an abuse of the trial court's discretion.

Finding no reversible error we affirm the trial court.

The facts show that this couple had been married to each other previous to this marriage. The prior marriage ended in divorce with the Husband retaining the house and the 3 acres of ground it set upon and the Wife receiving a lump sum settlement of $3,000.00.

Upon remarriage the Wife supplied $2,800.00 of the $3,-000.00 necessary to extinguish a second mortgage on the Husband's real estate. They lived together for about nine months. Upon separation the Husband moved out of the house with the Wife remaining therein until the conclusion of the dissolution proceedings. The couple had no children.

The award of property by the trial court in the dissolution of the second marriage gave the husband various items of personal property, the home and real estate subject to all liens, taxes and indebtedness, and all the fixtures and appliances located therein. The Wife received her personal effects and a $2,000.00 lien against the home property. The order also provided that the parties retain their respective automobiles free of any claim from the other.[1]

---

1. The Wife's alleged error regarding the award of the automobile is not found in her motion to correct errors and is therefore deemed waived. Suess v. Vogelgesang (1972), 151 Ind.App. 631, 281 N.E.2d 536.

The Wife first argues that the trial court abused its discretion in failing to consider the following pertinent sections of IC 1971, 31-1-11.5-11 (Burns Supp. 1975) which reads:

"In determining what is just and reasonable the court shall consider the following factors:
   (a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker.
   (b) . . .
   (c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, . . .
   (d) . . .
   (e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

A reading of the record produces no conviction on our part that the trial court did not consider the above factors, only that it attributed less weight, sufficiency and credibility to the evidence of the wife than she would have liked. We have often stated, "We will not weigh the evidence, but will consider it in a light most favorable to the appellee." *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555. Adhering to that rule, we find that the trial court's determination of the property settlement is not inconsistent with a consideration of the above stated factors.

In dividing property pursuant to a dissolution, a trial court is bound to consider the factors contained in IC 1971, 31-1-11.5-11 (Burns Supp. 1975). The statute does not preclude the utilization of additional factors deemed pertinent by a trial court, but the apparent intent of the statute would be infringed upon to require, as the Wife contends, that the wife receive no less than her dower interest would have been. Indeed, even before this statut was enacted, Judge Lowdermilk of this court observed in *Mathews* v. *Mathews* (1971), 151 Ind. App. 70, 278 N.E.2d 325, that there were exceptions to the dower interest rule. It was not

obligatory upon the trial court to award the Wife no less than her dower interest would have been.

Similarly, the trial court was not compelled to ascertain that the Wife receive no less in this dissolution than she had received under the terms of the prior divorce settlement. Though the parties to both marriages were the same, the marriages themselves were discrete episodes, and the property settlement of the second marriage deserved the same full consideration by the trial court of all the facts as did the first property settlement. The trial court was free to consider the terms of the first settlement but was not bound by it.

The Wife also alleges in her motion to correct errors that the trial court failed to give her full consideration, credit, or reimbursement for payments she made on the home property after the separation.

We cannot say that where, as here, each marriage partner has an income, the husband shall have the duty to provide the sole monetary sustenance for the family unit. Thus, if each income producing partner is deemed to have a responsibility to contribute to the financial support of the family unit, it follows that those responsibilities are not necessarily diminished at separation. Here, there is evidence to indicate that the parties' incomes were roughly comparable and that it was not unreasonable for each to support himself exclusively. We find no abuse of discretion in the trial court's apparent view that the Wife's payments toward the home property enabling her to reside there should be treated substantially different than her rental payments would have been had she found other accommodations.

It is next contended by the Wife that there was an abuse of discretion by the trial court when it awarded the Husband all necessary fixtures and appliances in the house in spite of the lack of any demonstration by the record that such appliances existed.

If there was error as to this issue, it was harmless error

(Ind. Rules of Procedure, Trial Rule 61) as to the Wife. It is within the proper discretion of the trial court to award fixtures and appliances, and if the Husband has been awarded non-existent appliances, we are unable to see how the Wife has been harmed.

In dividing the property of the parties the trial court determines what is just and reasonable. To arrive to that determination, note is taken of many factors. Included among those factors is evidence, often conflicting, of the contribution to the property of the parties during the marriage, the conduct of the parties during the marriage, the economic circumstances and earning abilities of the parties, and the value of the property to be divided.

The weight and credibility attached to the evidence may dictate that a just and reasonable division of the property be other than a 50-50 basis. While we are not persuaded that either party's perception of the values of the divided property is necessarily correct, we note that the division was not an even split. The trial court had the authority to do this as we noted in *Boshonig* v. *Boshonig,, supra.*

We cannot say that there was abuse of discretion by the trial court in its property settlement order, and we therefore affirm the judgment of the court below.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 339 N.E.2d 614.