IN RE THE MARRIAGE OF THERESA M. PATUS AND NANDOR F. PATUS

[No. 3-976A219. Filed February 14, 1978. Rehearing denied April 10, 1978. Transfer denied June 19, 1978.]

*Lawrence B. O'Connell, Schultz, Ewan and Burns*, of Lafayette, *John M. Sorensen*, of Lafayette, *Gerald Y. Sakaguchi*, of South Bend, for appellant.

*James J. Olson, Schindler & Olson*, of Mishawaka, for appellee.

STATON, P.J.—The marriage of Theresa M. Patus and Nandor F. Patus was dissolved on March 24, 1976. On April 6, 1976, the trial court rendered judgment on the division of property between the parties. Theresa Patus (wife) appeals and raises four questions for our review:

(1) Did the trial court err in failing to set out affirmatively in its decree the fact that it considered the statutory criteria set out at IC 1971, 31-1-11.5-11 (Burns Code Ed., Supp. 1977)?

(2) Did the trial court err in dividing the assets of the parties "on an approximate 50/50 basis" without setting out affirmatively any evidence of its consideration of the contribution of the wife as a homemaker?

(3) Did the trial court abuse its discretion in approving the final distribution of property without knowing the value of certain items?

(4) Did the trial court err in finding that there was "no evidence of any misconduct on the part of either party during said marriage in any way related to the disposition and/or dissipation of the property acquired during said marriage"?

We find that the trial court did not err. We affirm.

I.

Statutory Considerations

In *Trimble v. Trimble* (1976), 167 Ind. App. 600, 339 N.E.2d 614, and in *Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41, the Court of Appeals has held that a trial court is presumed to have considered the statutory factors mentioned in IC 1971, 31-1-11.5-11 (Burns Code Ed., Supp. 1977), when it divided marital assets. The wife asks this Court to reject that presumption and substitute its opposite: unless the trial court specifically mentions each statutory factor, the trial court presumably did not consider it. We decline to make the substitution.

Even if we were to ignore the cases which clearly enunciate the presumption that the trial court follows the law, we are faced here with evidence that the court did closely consider the statute. The court, after reading briefs concerning the husband's and the wife's

relative positions regarding a property settlement, effected a division of the property "in a just and reasonable manner." The husband's brief specifically referred to IC 1971, 31-1-11.5-11 and the factors to be considered; the trial court was aware of the law and, in fact, directed that the decree be prepared consistent with the husband's brief. The "just and reasonable manner" language which the trial court used is found in the statute.

We conclude that the trial court need not set out affirmatively each statutory consideration in effecting a property division; rather, it will be presumed that the trial court followed the law. Additionally, in this case there is direct evidence that the trial court was aware of and followed the statute.

## II.

### "Homemaker" Contribution

The wife maintains that because the trial court divided the marital property "on an approximate 50/50 basis" the court necessarily must have ignored her contribution as a homemaker. *See* IC 1971, 31-1-11.5-11(a) (Burns Code Ed., Supp. 1977). The evidence reveals that both parties worked during the marriage and that each contributed roughly equal amounts of earnings to the marriage. The wife's "homemaker" argument presupposes that a wife who works is automatically contributing more to a marriage than a husband who works.

We disagree. The statute mandates that a trial court consider "(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker." The "homemaker contribution" was isolated by the legislation to allow for the circumstances wherein (1) one spouse is not employed outside the home, (2) that the unemployed spouse is *solely* a homemaker, and (3) that the unemployed, homemaking spouse is the *primary* homemaker. Webster defines homemaker as "one who manages a household." The evidence reveals that in the Patus marriage each partner contributed to the marriage with outside earnings and each partner contributed in homemaking functions.[1] While

---

1. For example, Mr. Patus mowed the yard; Mrs. Patus did the trimming.

there was some evidence offered which would tend to show that the homemaking contributions were not precisely equal, we will not reweigh evidence upon appeal nor substitute our judgment for the judgment of the trial court.

There are strong policy reasons for such reluctance. We do not believe that in situations such as the Patus home, where both partners worked, the legislature intended, through the "homemaker contribution" language in IC 1971, 31-1-11.5-11(a), to stimulate detailed inquiry into the private activities of the home. When each marital partner brings earnings into the marriage, and those earnings are substantially equal, we do not believe that an exhaustive examination of who washed dishes, who took out the trash, who painted the house, who changed the oil in the car, who changed the diapers, who paid the bills, and who mowed the lawn is constructive. Of course, there may be extreme circumstances in which one partner makes virtually no homemaking contribution, but that was not the case in the Patus home.

We decline to encourage trial courts, by reweighing evidence on appeal, to elicit volumes of self-serving testimony regarding homemaking contributions; the "no-fault" system of divorce would be lost in the mire of who-did-what for the home. The judgment of the trial court will be reversed only for a clear abuse of discretion. The earnings of the parties were reliable indices of the relative contributions to the acquisition of marital property. No abuse was demonstrated in the trial court's "50/50" division of property.

### III.

### Value of Assets

Mr. Patus was awarded several World War II souvenir guns, and Mrs. Patus was awarded two insurance policies; of the entire estate, "unknown" values were assigned only to these two awards. Mrs. Patus complains on appeal that the trial court abused its discretion in failing to ascertain the values of these items.

At the outset, we note that the total marital estate subject to division was approximately $140,000. Mrs. Patus does not argue

that the value of the guns and the two insurance policies would have substantially augmented the value of the total estate. She posits that the value of the "unknown" awards *might* have been substantial.[2]

The wife's argument seems to be that a trial court cannot legally distribute any marital property without ascertaining the value of it. She cites us to *Howland v. Howland* (1975), 166 Ind. App. 572, 337 N.E.2d 555. However, in *Geberin v. Geberin, supra,* this Court further explained the *Howland* decision.[3] "[T]he maxim *de minimus non curat lex* permits us to temper the need for description with a need for reason." (Footnote omitted.) *Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41, 45. In the context of the entire marital estate, we do not believe that the trial court abused its discretion in awarding the husband's souvenir guns to the husband and awarding the two insurance policies with unknown cash surrender values which were in the wife's possession to the wife.[4]

## IV.

### Misconduct

Mrs. Patus argues that the trial court erred in finding that there was "no evidence of any misconduct on the part of either party during said marriage in any way related to the disposition and/or dissipation of the property acquired during such marriage." We have reviewed the record; the instances of supposed misconduct by the husband are certainly susceptible to conflicting inferences. We will not weigh the evidence on appeal.

2.  The wife's complaint is somewhat hypothetical. In fact, she has not clearly demonstrated that she was prejudiced *at all* by the trial court's action. The appellant does have the burden of rebutting the presumption that the trial court acted correctly. *See Kuykendall v. County Com'rs of Marion County* (1968), 142 Ind. App. 363, 234 N.E.2d 860.

3.  In *Geberin v. Geberin, supra,* we referred to *Hardiman v. Hardiman* (1972), 152 Ind. App. 675, 284 N.E.2d 820, upon which the *Howland* decision was based.

4.  We would also note that the wife did not help the trial court at all in ascertaining values of the marital property. Before dividing the property, the trial court expressly asked both the husband and the wife to submit briefs of their respective positions as to a fair and equitable division. The wife's "position" did not assign any values. Moreover, at trial, the wife offered no evidence and made no cross-examination regarding the value of the guns or the two life insurance policies.

The wife has not shown a clear abuse of judicial discretion. *See Buckner v. Buckner* (1958), 128 Ind. App. 654, 152 N.E.2d 97.

> "The fact that circumstances would have justified a different result by another trial court than that reached by the trial court in this case does not warrant this court in substituting its judgment for that of this trial court. . . ."

*Boshonig v. Boshonig* (1971), 148 Ind. App. 496, 499, 267 N.E.2d 555, 557.

We have been shown no abuse of discretion and no reversible error. The judgment is affirmed.

Buchanan, J., (by designation), concurs;

Garrard, J., concurs in result.

NOTE—Reported at 372 N.E.2d 493.