**In re MARRIAGE OF Phyllis A. CHURCH and James E. Church.**

**James E. CHURCH, Appellant, (Respondent Below),**

v.

**Phyllis A. CHURCH, Appellee, (Petitioner Below).**

No. 2–181A20.

Court of Appeals of Indiana, Second District.

Aug. 26, 1981.

Rehearing Denied Nov. 16, 1981.

Raymond I. Klagiss, Charles E. Johnson, Indianapolis, for appellant.

William H. Dazey, Jr., Qualkinbush & O'Kelley, Indianapolis, for appellee.

SHIELDS, Judge.

James E. Church (Husband) appeals the decision of the trial court dividing the marital property and determining the amount of child support in the dissolution of Husband's marriage to Phyllis Church (Wife).

The Churches' major asset was a house built early in their marriage for $18,500 and valued at trial at $50,000. $2,700 of the $6,000 down payment on the house was from the sale of a mobile home brought into the marriage by Wife. $3,300 was a gift to the Churches by Wife's parents. The house was built on a lot then valued at $3,500 which Wife also brought to the marriage. At trial there was a $9,500 mortgage on the home.

The trial court awarded Wife the house subject to the mortgage. Wife was also given household goods valued at $500, a savings account containing $272, and a 1973 Ford automobile, a refrigerator, dryer, and stove which were not assigned a value. Husband was awarded a boat valued at $3,500, tools and sports equipment valued at $2,600, three $50 savings bonds, and assorted unvalued property including a 1968 truck, souvenir whiskey bottles, mounted fish and deer's head, a tape recorder, and aluminum railing. Husband also was ordered to pay $750 in debts incurred by the parties.

Husband complains the trial court abused its discretion by awarding substantially all the marital property to Wife, by not making a specific determination as to how a loan of $3,500 made by Wife's parents to Churches would be repaid, and by failing to obtain values for each of the assets distributed.

■ We find no abuse of discretion in the trial court's division of the marital property. In a review of a property settlement for abuse of discretion, there is a strong presumption that the decision of the trial court is correct. *Cross v. Cross*, (1974) 159 Ind.App. 592, 308 N.E.2d 717. The property settlement must be clearly against the logic and effect of the facts and circumstances before the trial court to constitute an abuse of discretion. *In re Marriage of McDonald*, (1981) Ind.App., 415 N.E.2d 75. We will not reweigh the evidence and we will consider only that evidence favorable to the decision of the. trial judge. *Geberin v. Geberin*, (1977) 172 Ind.App. 255, 360 N.E.2d 41.

IC 31–1–11.5–11(b) (Burns Code Ed., 1980 Repl.) provides the guidelines for the trial judge in distributing the marital property. This statute provides:

"In an action pursuant to section 3(a) [31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) The economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property; and

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

The evidence in this case shows Wife brought into the marriage a mobile home upon which she had made a $1,500 down payment and a lot valued at $3,500 upon which the couple later built their house. There is no evidence of any property brought into the marriage by Husband. Wife's earning capacity is fairly small—she did not work outside the home during the marriage and she is currently employed as a salesperson at Zayre's earning $85 a week. Custody of the minor children was given to Wife. Husband has been employed by Chrysler for fifteen (15) years. His net pay when last employed was $217 a week. Shortly before the hearing, Husband was laid off and at the time of the hearing was receiving $99 a week in unemployment compensation but had the possibility of receiving 95% of his previous take-home pay in supplemental payments from Chrysler.

█ Given the facts that Wife brought the only assets into the marriage, that Husband has a greater earning capacity than Wife, and that Wife has custody of the children, we find no abuse of discretion in the trial court's distribution of the marital property. Although Wife did receive the majority of the assets, a "just and reasonable" division of the property does not require an equal division of Property. *In re*

*Marriage of Davis*, (1979) Ind.App., 395 N.E.2d 1254. The facts listed above are sufficient to justify this inequality in the distribution.

Husband's second alleged error is the trial court erred in failing to make a finding as to which of the parties is responsible for repaying money borrowed from Wife's parents to buy a fishing boat for the children.

█ Wife argues there is a conflict in the testimony as to whether the money was intended as a gift or a loan and therefore the trial court was justified in deciding the money was a gift and in making no provision for its repayment. We agree. Husband and father-in-law testified the money was a loan payable monthly. However, other evidence indicated that although the loan was three years old payments had never been made or requested. This evidence, coupled with the parents' history of gift-giving, is sufficient to support an inference that the money was a gift. While the trial court did not make a specific finding the money was a gift, such a finding is implicit in its judgment inasmuch as the trial court is presumed to know and follow the law. *Williams v. Trowbridge*, (1981) Ind.App., 422 N.E.2d 331.

█ Husband also complains that the trial court abused its discretion in distributing certain assets without making a determination as to their value. We find no error in this action by the trial court. It is true that certain Court of Appeals of Indiana cases have held it is an abuse of discretion for a trial court to distribute property without apprising itself of the value of the property. *See Howland v. Howland*, (1975) 166 Ind.App. 572, 337 N.E.2d 555; *Hardiman v. Hardiman*, (1972) 152 Ind.App. 675, 284 N.E.2d 820. However, we now recognize that any party who fails to introduce evidence as to the specific value of the marital property at the dissolution hearing is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence.[1]

1. This does not mean, as the concurring opinion implies, that this court may not reverse a trial court decision for abuse of discretion on the distribution of the valued property.

This rule places the burden of producing evidence as to the value of the marital property where it belongs—on the parties, rather than on the trial court. It is appropriate to require the parties to bear the burden of gathering and presenting to the trial court evidence as to the value of the marital property rather than to place upon the trial court the risk of reversal if it distributes the marital property without specific evidence of value. The proper role of a court in dividing property pursuant to a dissolution is to review carefully all the evidence and then to divide the property based on a consideration of the factors listed in IC 31–1–11.5–11(b) (Burns Code Ed., Repl.1980).

The law in this area is further complicated by a line of cases such as *Cross v. Cross,* (1974) 159 Ind.App. 592, 308 N.E.2d 717, and *Jackman v. Jackman,* (1973) 156 Ind.App. 27, 294 N.E.2d 620, in which appellate courts have upheld trial courts in the distribution of unvalued property when the property is not unique and does not require expertise for evaluation or when the unvalued property is clearly of little value in relation to the entire marital estate. These cases put the trial court in the unenviable position of deciding how far it may go in distributing unvalued property under the *Cross, Jackman* line of cases before it runs afoul of the doctrine adopted by *Howland* and *Hardiman.*[2] Our position will end this dilemma for trial courts and will result in greater certainty for the parties involved and in greater judicial economy as fewer cases will be sent back to the trial court for further findings.

■ In sum, we do no more than place the burden of producing evidence as to the value of the marital property squarely where it belongs—on the shoulders of the parties and their attorneys. After all, the general rule is that parties to a legal proceeding are bound by the evidence they introduce at trial and they are not allowed a second chance if they fail to introduce crucial evidence. We see no reason to make dissolution proceedings an exception to this rule.

■ Husband also alleges the trial court abused its discretion in its decision as to the amount of his child support. The decree requires Husband to maintain hospitalization insurance for the children as well as pay 80% of their medical expenses in excess of $150 per year per child. In addition, Husband is to pay 35% of his unemployment benefits as child support as long as he remains eligible for unemployment. If Husband becomes eligible for supplemental payments from Chrysler or is recalled to work, he is to pay $40 per child per week in support.

Husband argues this support provision is confusing, excessive, and based on insufficient evidence. We disagree.

The provision is undoubtedly somewhat flexible, as it should be to allow for various contingencies, but we find nothing confusing about it. Husband does not show us any examples of how the provision is confusing or even develop the argument other than to state the provision is "somewhat confusing." We find Husband has waived this argument under Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Husband argues the provision is based on insufficient evidence because there is no evidence of what Husband's income would be as a divorced individual. It is true the evidence as to Husband's income is not extensive.[3] The evidence showed Husband's weekly take-home pay prior to his lay-off at

2. This point is highlighted by the concurring opinion which states: "[T]he unvalued property was not unique and comprised only a small portion of the Churches' marital estate." In this era when any item may be the source of a collector's pursuit and delight or have as a component a valuable part or metal, we question the validity of any trial court concluding any unvalued item is common or has little value without evidence to that effect.

3. It is the duty of the parties to introduce evidence sufficient for the trial court to make a decision and we disapprove of the practice of failing to introduce such evidence and then appealing on the basis of insufficient evidence if the party is not satisfied with the trial court's decision.

Chrysler was $217. Husband stated that he hoped to get supplemental benefits from Chrysler which, combined with his unemployment compensation, would equal about 95% of his total weekly wage. We find this evidence is sufficient to support an inference that Husband's supplemental payments will be approximately equal to his previous take-home pay and sufficient to support a child support payment of $80 a week. If Husband's income does drop substantially below this level at some point, he may, of course, petition the trial court for a modification of the support order as provided in IC 31–1–11.5–17.

█ Husband argues that requiring him to pay one-third of his unemployment compensation as child support is excessive. We agree it will be difficult for Husband to live comfortably on his remaining income. However, IC 31–1–11.5–12 (Burns Code Ed., Repl.1980) requires a court to consider all relevant factors in ordering support, including:

"(1) The financial resources of the custodial parent;

(2) Standard of living the child would have enjoyed had the marriage not been dissolved;

(3) Physical or mental condition of the child and his educational needs; and

(4) Financial resources and needs of the noncustodial parent."

Clearly the financial resources and needs of the noncustodial parent is only one of the factors to be considered. Considering the resources of the custodial parent, the needs of the children, and the standard of living the children would have enjoyed if the marriage had not been dissolved, we find nothing excessive in this award. Wife has a very limited income and will not be able to support the children on her salary alone. Approximately $30 a week is certainly very little to contribute to the support of two children and to reduce it any further would be an injustice to the children.

Husband further argues that "To order Husband to pay $80 per week, plus pay 80 percent of uninsured medical, dental, and related expenses in excess of $150 per year per child could easily amount to 60 percent of his pay." This is nothing more than speculation. The support order requires Husband to pay slightly more than one-third of his net income in child support plus maintain insurance and pay some of the children's medical expenses. We find nothing excessive in this arrangement.

We affirm.

BUCHANAN, C. J., concurs with opinion.

SULLIVAN, J., concurs.

BUCHANAN, Chief Judge, concurring.

The effect of the majority opinion is to make it possible for a trial court to divide marital property in a dissolution action with little or no evidence as to its value, thereby overturning a long line of decisions, including the Indiana Supreme Court's decision in *Shula v. Shula*, (1956) 235 Ind. 210, 132 N.E.2d 612, and our own decisions in *Howland v. Howland*, (1975) 166 Ind.App. 572, 337 N.E.2d 555, and *Hardiman v. Hardiman*, (1972) 152 Ind.App. 675, 284 N.E.2d 820. The supreme court in *Shula* reversed an alimony judgment because the trial court had before it no evidence as to the value of property awarded, saying that "before the amount of alimony can be fixed, evidence must be introduced of facts and circumstances from which the court can determine the amount which is just and proper." 235 Ind. at 217, 132 N.E.2d at 615 (citations omitted). *Shula* and cases in its line of descent establish the rule that the trial court abuses its discretion when marital property is divided without sufficient evidence of value. *See Howland v. Howland, supra; Hardiman v. Hardiman, supra; Snyder v. Snyder*, (1964) 137 Ind.App. 72, 198 N.E.2d 8.

It may be expedient to adopt the majority's holding that the burden is on the parties to introduce evidence of property value, and any party who fails to shoulder that burden waives his right to appeal from the order dividing the marital estate on the grounds of lack of such evidence. But such a shifting of the burden does violence to the

purpose behind the rule requiring the court to assign a value to marital assets: The trial court cannot fulfill its affirmative statutory duty to divide the parties' property in a "just and reasonable manner" unless the necessary steps are taken to determine the value of that property. IC § 31–1–11.-5–11. *See also Wireman v. Wireman*, (1976) 168 Ind.App. 295, 343 N.E.2d 292. In short, stare decisis and reason are best served by leaving the law as it is.

Decisions of this court have carved out two exceptions from the general rule requiring evidence in the record of the value of marital property. Neither exception is an obstacle to the trial court's fulfilling its affirmative duty to make an equitable distribution of marital property. First, the record need not contain evidence concerning property which is "not unique in nature and does not require great expertise to establish its value[;]" the court is entitled to rely upon its own knowledge in affixing a value to such property. *Cross v. Cross*, (1974) 159 Ind.App. 592, 596, 308 N.E.2d 717, 719. *See also Jackman v. Jackman*, (1973) 156 Ind. App. 27, 294 N.E.2d 620. Second, a trial court need not assign a value to items which are of negligible worth in the context of the entire marital estate. *In re Marriage of Patus*, (1978) Ind.App., 372 N.E.2d 493. *See also Geberin v. Geberin*, (1977) 172 Ind. App. 255, 360 N.E.2d 41.

Here, the unvalued property was not unique and comprised only a small portion [1] of the Churches' marital estate. Thus, I concur in result on the basis of the above-discussed exceptions to the general rule. The trial court committed at most harmless error by awarding the property in question without having heard evidence establishing its value.