Anna Marie SHOWLEY, Appellant
(Petitioner Below),

v.

Eddie G. SHOWLEY, Appellee
(Respondent Below).

No. 2–882A245.

Court of Appeals of Indiana,
Second District.

Oct. 3, 1983.

Kelly Leeman, Logansport, for appellant.
John O'Neill, Logansport, for appellee.

SHIELDS, Judge.

Appellant Anna Marie Showley (Wife) appeals the judgment of the trial court pertaining to the division of the marital property in her dissolution action against Appellee Eddie G. Showley (Husband). She argues the trial court abused its discretion in its division of the marital property in that the trial court:

1. failed to apprise itself of (a) the contribution of the respective parties to the acquisition of the marital property, (b) the value of the marital property and (c) the economic circumstances of the parties, and

2. failed to report the evidence.

We affirm.

I.

Wife argues the trial court abused its discretion in dividing the marital property because it did not follow the mandate of I.C. 31–1–11.5–11(b) (Burns Code Ed., Supp. 1982) to distribute the property in a just and reasonable manner.

## A.

 In part, this argument is based upon her claim the trial court failed to apprise itself of the value of the marital property and the contribution of the respective spouses to its acquisition. Wife contends the trial court was required to sua sponte fill the evidentiary void when the parties failed to introduce evidence of value and contribution. We rejected this argument in *In re Marriage of Church,* (1981) Ind.App., 424 N.E.2d 1078.

## B.

Wife further claims the trial court abused its discretion in dividing the marital property because it failed to consider the economic circumstances of the parties at the time the disposition of the property was to be effective because (1) there was no evidence of the economic circumstances and (2) the lapse of time between the trial on the merits and the judgment.

 Wife's first contention is meritless. The settled record reveals evidence was submitted on the economic circumstances of the parties: assets, debts, employment, income and wife's desire to retain possession of the home.

 Wife's second contention is also without merit. The dissolution hearing was held December 3, 1980. However, pursuant to I.C. 31–1–11.5–8 (Burns Code Ed., Supp. 1982) the trial court continued the matter for the parties to seek reconciliation through counseling. On June 15, 1981 Husband filed a petition requesting the trial court to enter a decree of dissolution.[1] Then on November 16, 1981, Wife, by petition, sought and obtained a forty-five (45) day stay of ruling on the dissolution. On February 10, 1982, after the expiration of the stay, Husband filed a petition for the trial court to enter a decree. Thereafter, on February 12, 1982 the decree was entered.

---

1. I.C. 31–1–11.5–8 (Burns Code Ed., Supp.1982) provides the action shall be dismissed after the expiration of ninety (90) days from the date of the continuance. However, neither party raised this issue.

Wife argues the evidence submitted to the trial court on economic circumstances at the December 3, 1980 hearing would not satisfy the trial court's obligation to consider the circumstances at the "time the disposition of the property is to become effective", I.C. 31–1–11.5–11(b)(3) which was February 12, 1982, the date of the dissolution decree. There is no error.

Of necessity, evidence as to the parties' economic circumstances must be submitted at the time of the final hearing even if the evidence is prospective in that a party reasonably anticipates a change of economic circumstances. We realize evidence often will not be available or will be inadmissible because it is speculative in nature. In any event, if for any reason the entry of the decree is delayed, it is reasonable to impose the obligation upon the parties to seek the opportunity to submit additional evidence on a change in circumstances occurring during the delay. Here, Wife did not in any manner advise the trial court of her desire to submit additional evidence based upon an alleged change in economic circumstances that she may believe occurred during the pendency of the action after the date of the final hearing. She cannot now complain.[2]

## II.

Wife asserts the trial court "abused its discretion" by failing to have the December 3, 1980 hearing reported. Again, we disagree. Unquestionably, any party has the absolute right to have any evidentiary proceeding reported. However, it is a right that at times may not be self-executing but may need to be invoked by request. Our combined experience is that there are certain matters which by custom are not reported as a matter of course in our trial courts. Dissolutions frequently fall within this category when only limited issues are in dispute.

---

2. Wife further fails to assert the existence of any evidence of any change in the parties' economic circumstances in her Appellant's Brief.

■ The necessity of a demand is not in issue here, however. Rather, the trial court asked each party if a record of the hearing was being requested whereupon each party waived the reporting of the evidence.[3] The trial court did not abuse its discretion, if indeed it has any, in not reporting the evidence.

Judgment affirmed.

SULLIVAN, J., concurs.

BUCHANAN, C.J., dissents, with separate opinion.

BUCHANAN, Chief Judge, dissenting.

I must respectfully dissent.

My views concerning a dissolution court's mandatory duty to ascertain the value of marital property are not transitory. They have not changed since my concurring opinion in *In Re Marriage of Church*, (1981) Ind.App., 424 N.E.2d 1078, *trans. denied*, wherein I recoiled from the concept that a trial court could divide marital property without evidence of value of significant portions thereof:

"The effect of the majority opinion is to make it possible for a trial court to divide marital property in a dissolution action with little or no evidence as to its value, thereby overturning a long line of decisions, including the Indiana Supreme Court's decision in *Shula v. Shula*, (1956) 235 Ind. 210, 132 N.E.2d 612, and our own decisions in *Howland v. Howland*, (1975) 166 Ind.App. 572, 337 N.E.2d 555, and *Hardiman v. Hardiman*, (1972) 152 Ind. App. 675, 284 N.E.2d 820. *The supreme court in* Shula *reversed an alimony judgment because the trial court had before it no evidence as to the value of property awarded, saying that 'before the amount of alimony can be fixed, evidence must be introduced of facts and circumstances from which the court can determine the amount which is just and proper.'* 235

Ind. at 217, 132 N.E.2d at 615 (citations omitted). *Shula* and cases in its line of descent establish the rule that the trial court abuses its discretion when marital property is divided without sufficient evidence of value. *See Howland v. Howland, supra; Hardiman v. Hardiman, supra; Snyder v. Snyder*, (1964) 137 Ind. App. 72, 198 N.E.2d 8.

It may be expedient to adopt the majority's holding that the burden is on the parties to introduce evidence of property value, and any party who fails to shoulder that burden waives his right to appeal from the order dividing the marital estate on the grounds of lack of such evidence. But such a shifting of the burden does violence to the purpose behind the rule requiring the court to assign a value to marital assets: The trial court cannot fulfill its affirmative statutory duty to divide the parties' property in a 'just and reasonable manner' unless the necessary steps are taken to determine the value of that property. IC § 31–1–11.5–11. *See also Wireman v. Wireman*, (1976) 168 Ind.App. 295, 343 N.E.2d 292. In short, stare decisis and reason are best served by leaving the law as it is."

*Id.* at 1083–84 (emphasis supplied).

In *Church*, I was forced to concur in the majority's result because the unvalued property constituted only an insignificant portion of the Church marital estate. Thus, I was able to follow the established rules that a trial court is entitled to: (1) rely upon its own knowledge in affixing a value to common goods or (2) refrain from assigning a value to items which are of negligible worth. *See In Re Marriage of Patus*, (1978) 175 Ind.App. 459, 372 N.E.2d 493; *Cross v. Cross*, (1974) 159 Ind.App. 592, 308 N.E.2d 717.

In the present case, however, a far more serious error has been committed. The trial court disposed of the parties' real estate;

---

3. The settled record includes the following:
 "1. At the commencement of the trial held in this matter on December 3, 1980, the Trial Judge asked each party whether or not they were requesting that the evidence be record-ed at which time each party waived the recording of the evidence."
 Record (Settled) at 20D (Husband's Exhibit A), 49.

yet, there was no evidence taken as to the value of that property. Such action was surely prejudicial because real property is unique, incapable of valuation by guess-work or "rules of thumb." *See Unger v. Indiana & Michigan Electric Co.,* (1981) Ind. App., 420 N.E.2d 1250. Allowing the trial court to distribute the Showley property without any evidence of its worth can in no way comport with Indiana's dissolution statutes and their purpose.

To permit a trial court to divide marital property without evidence of value is like depriving the carpenter of his hammer and saw or the bricklayer of his trowel. If evidence of value has not been presented, this court should send the case back for further proceedings as has been done in the past. *See Howland, supra; Hardiman, supra; Snyder, supra.* I do not refer to the situation in which one side has waived the right to present evidence of value in the face of evidence submitted by the other side.

Thus, I would reverse the trial court's decision and remand for a hearing to ascertain the value of the Showley marital property.