Harold **GALLOWAY**, Appellant–Respondent,

v.

Kathryn **GALLOWAY**, Appellee–Petitioner.

No. 34A02–0602–CV–160.

Court of Appeals of Indiana.

Oct. 16, 2006.

Michael O. Bolinger, Kokomo, IN, Attorney for Appellant.

Richard L. Russell, Kokomo, IN, Attorney for Appellee.

## OPINION

KIRSCH, Chief Judge.

Harold Galloway ("Harold") appeals the trial court's property distribution in his dissolution of marriage to Kathryn Galloway ("Kathryn"), raising one issue that we restate as: whether the trial court's divorce decree ("Decree"), which awarded Kathryn's unvalued pension to her in its entirety, was an abuse of discretion.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Kathryn and Harold were married on April 2, 1966, and Kathryn filed a petition for dissolution of marriage on July 22, 2004. The parties are the parents of one emancipated child.

At the final hearing, Kathryn testified that she retired from Delco in 1998, after over thirty-one years of service. As of the date of the August 2005 final hearing, Kathryn was fifty-eight years old, and she received a pension benefit of $2,063 per

month, which will be reduced when she turns sixty-two years old and begins receiving social security benefits. Neither Kathryn nor Harold presented any evidence regarding the value of the pension.

Both parties testified about Harold's employment history. After serving in the military for two years, Harold began at Delco, but only worked there two or three years before he quit. He then worked at an auction business as a salesman and auctioneer for approximately fifteen years. After that business closed in 1980, Harold opened a couple of furniture businesses over the years, each of which eventually failed. He then partnered with his brother to open an auction business, which was still operating as of the date of the final hearing. Harold had worked at the auction business for the past twelve years. Although Harold had, for the most part, been continuously employed throughout the marriage, he never created or contributed to any form of retirement plan for himself. Neither Harold nor Kathryn presented any evidence regarding the value of Harold's auction business. Harold requested that the trial court divide the marital estate equally, including Kathryn's pension fund. Kathryn requested that the court award the Delco pension to her in its entirety.

Following the hearing, the trial court divided the marital estate, awarding $58,996.00 in personal property to Kathryn, and $36,025.00 in personal property to Harold; in order to equalize the distribution, it ordered Kathryn to pay Harold $14,485.00. The Decree awarded Kathryn's unvalued Delco pension plan benefits to her and Harold's unvalued auction business to him. Harold now appeals.

## DISCUSSION AND DECISION

Harold asserts that the trial court abused its discretion in the manner in which it divided the marital estate, challenging, in particular, the trial court's award of Kathryn's pension to her in its entirety. The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *DeSalle v. Gentry,* 818 N.E.2d 40, 44 (Ind.Ct.App.2004); *Elkins v. Elkins,* 763 N.E.2d 482, 484 (Ind. Ct.App.2002). When a party challenges the trial court's division of marital property, he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *DeSalle,* 818 N.E.2d at 44. We may not reweigh the evidence or assess the credibility of the witnesses, and we will consider only the evidence most favorable to the trial court's disposition of the marital property. *Id.* Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

Neither party disputes that Kathryn's vested Delco pension is marital property subject to distribution. IC 31–9–2–98(b) (defining property in dissolution actions to include present right to withdraw pension or retirement benefits); IC 31–15–7–4 (court shall divide the parties' property, whether owned by either spouse before the marriage, acquired by either spouse in his or her own right, or acquired by their joint efforts); *In re Marriage of Nickels,* 834 N.E.2d 1091, 1098 (Ind.Ct.App.2005) (entire value of wife's pension included in marital estate); *Lulay v. Lulay,* 591 N.E.2d 154, 155 (Ind.Ct.App.1992) (marital estate should have included husband's vested pension to which wife did not contribute). The inquiry here is whether the trial court's division of the marital estate,

which included Kathryn's pension fund, was proper.

■ Indiana law presumes that an equal division of the marital property between the parties is just and reasonable; however, that presumption may be rebutted by relevant evidence that an equal division would not be just and reasonable. IC 31–15–7–5. The factors a court may consider include: the contribution of each spouse to the acquisition of the property; the extent to which the property was acquired by each spouse before the marriage; the economic circumstances of each spouse at the time of disposition; the conduct of the parties as it relates to the disposition or dissipation of their property; and the earnings or earning ability of each spouse. *Id.*; *Nickels*, 834 N.E.2d at 1098. If the trial court deviates from this presumption, it must state why it did so. *Thompson v. Thompson*, 811 N.E.2d 888, 912–13 (Ind. Ct.App.2004), *trans. denied* (2005). In this case, Harold contends that the trial court erred when it awarded Kathryn's pension to her in its entirety because Kathryn did not present evidence to rebut the statutory presumption of an equal division, and the trial court's reasons for awarding the entire pension to Kathryn do not comply with IC 31–15–7–5.

■ Kathryn asserted at trial that Harold should not be entitled to any portion of her retirement fund, explaining,

> He quit, I stayed. I'm the one that has worked the whole time. I have helped him in his business and he's just not a good businessman and I don't see why he should be entitled to the 31 and a half years that I worked at Delco.

*Tr.* at 34. While Kathryn testified that her only income was the monthly pension benefit that she received from Delco, she did not present any evidence that she could not work or otherwise had less earning ability than Harold. Nor did she claim that he dissipated assets during the marriage. Although Kathryn accumulated the pension by virtue of her employment at Delco, she did not dispute that Harold contributed through the years to the family's needs and household expenses. Neither Kathryn nor Harold presented evidence regarding their respective economic circumstances at the time of the dissolution. Thus, according to the record before us, Kathryn did not present any evidence to rebut the statutory presumption of an equal division.

In its Decree, the trial court justified its award of the pension fund to Kathryn on the bases that (1) Harold failed to acquire his own benefits, even though he was gainfully employed for essentially all of the marriage; (2) Harold voluntarily quit Delco, whereas Kathryn stayed and worked there for over thirty-one years, and it was her consistent effort in that regard that allowed her to accrue the retirement benefits with Delco; and (3) because Harold was receiving the auction business, he was "free to operate that business as he sees fit with an eye toward earning a profit," noting that "the amount of profit [Harold] can make in the operation of the auction is simply dependent upon his ability and willingness to apply himself." *Appellant's App.* at 10.

IC 31–15–7–5 required the trial court to make an equal division of property, unless an unequal division was just and reasonable. It is possible, and perhaps likely, that the trial court sought to make an equal division of the marital estate; however, because we do not know the values of the pension and the auction business, we do not know if the division was, in fact, equal.

■ That said, we recognize that the trial court was faced with an unenviable task: to divide a marital estate that included both a pension and a business, neither of which had any value placed upon them,

by stipulation or otherwise.[1] We remind the parties that the burden of producing evidence as to the value of the marital property rests squarely " 'on the shoulders of the parties and their attorneys.' " *Perkins v. Harding,* 836 N.E.2d 295, 302 (Ind. Ct.App.2005) (quoting *In re Marriage of Church,* 424 N.E.2d 1078, 1082 (Ind.Ct. App.1981)). In *Perkins,* this Court rejected the husband's claim that the trial court's order dividing the marital estate was vague and incomplete, relying on the principle that " 'any party who fails to introduce evidence as to the specific value of the marital property at a dissolution hearing is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence.' " *Id.* at 301 (quoting *Church,* 424 N.E.2d at 1081).

We are guided by the reasoning of *Perkins,* which recognized the validity of protecting the trial court from " 'the risk of reversal if it distributes the marital property without specific evidence of value.' " *Id.* (quoting *Church,* 424 N.E.2d at 1082). Here, the trial court was presented with no competent evidence of the estate's only two sizable assets, namely a twelve-year-old business and a likely significant pension. Having failed to introduce evidence of the value of these assets, Harold is estopped from appealing the trial court's distribution. The trial court's Decree, including its division of personal property, is affirmed in all respects.

Affirmed.

BAILEY, J., and CRONE, J., concur.

---

1. We note that an option available to the trial court under these circumstances would have been to divide each of these assets equally in-kind, giving Harold half of Kathryn's pension and Kathryn half of Harold's auction business, which would have assured an equal division.