Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**ZACHARY T. ROSENBARGER**
Wuertz Law Office, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BRENT R. BORG**
Church, Church, Hittle & Antrim
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOUGLAS A. SCHWAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 80A05-1204-DR-171 |
| | ) | |
| LINDA D. SCHWAN, | ) | |
| | ) | |
| Appellee. | ) | |

### APPEAL FROM THE TIPTON CIRCUIT COURT
The Honorable Thomas R. Lett, Judge
Cause No. 80C01-1004-DR-202

**December 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Douglas A. Schwan ("Husband") appeals from the trial court's division of marital property in the dissolution of his marriage to Linda D. Schwan ("Wife"). Husband raises three issues which we consolidate and restate as whether the court erred in its division of the marital property. We affirm.

The relevant facts follow. Husband and Wife were married in 1990, and no children were born of the marriage. During the marriage, Wife worked for Schwan Chiropractic, in Toledo, Ohio, which was Husband's chiropractic clinic. In October 2009, Wife vacated the marital residence in Toledo, Ohio, and moved to Tipton County, Indiana, to live with her daughter and her family. Husband continued to live in the marital residence but failed to make mortgage payments, and the residence entered foreclosure proceedings. The parties also owned a rental property in Cicero, Indiana, which was sold after the parties separated, and the proceeds of the sale were about $13,300.

On April 21, 2010, Wife filed a verified petition for dissolution of marriage. The court held a hearing on December 14, 2010, at which Wife appeared in person and by counsel and Husband appeared in person, and entered provisional orders on December 21, 2010, which included orders that Husband respond fully and completely to Wife's interrogatories and request for production of documents, that Husband pay for an appraisal of his clinic in Ohio, that Husband pay $2,000 toward a replacement automobile for Wife, and that Husband pay Wife an amount of $150 per week as temporary maintenance. The court held hearings on August 16, 2011, and October 6, 2011, at which Husband failed to appear, regarding various aspects of Husband's failure to comply with

2

the court's provisional orders. On December 8, 2011, the court held a final hearing in the dissolution matter, at which Wife and her counsel were present but Husband did not appear in person or by counsel. Wife testified as to the value of certain property of the marital estate and requested a sixty percent share of the marital estate, that she receive among other property the building in which the chiropractic clinic operated and the chiropractic equipment, and that Husband retain among other property his ongoing chiropractic business.

On December 14, 2011, the court entered Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage in which it ordered that Husband be responsible for all costs and fees associated with the foreclosure and any deficiency resulting therefrom with respect to the marital residence and that the proceeds of the property in Cicero, Indiana, be held in escrow by Wife's counsel for the benefit of the parties. The court found that Husband had failed to follow the court's previous orders in failing to timely pay Wife spousal maintenance of $150 per week, to obtain an appraisal on the building where Husband's chiropractic practice was located, to fully and completely answer interrogatories and request for production of documents, and to reimburse the escrow account held by Wife's counsel for certain amounts. The court found that the amounts which Husband failed to pay would be charged against the escrow account and that Wife would receive the balance of $7,118.76 in order to achieve an equitable distribution of the marital estate. The court further found that the business real estate in Toledo, Ohio, should become the property of Wife and ordered Husband to vacate the building and transfer title to Wife. The court further found that in order to achieve an

3

equitable division of the marital property, Wife shall have a judgment against Husband in the amount of $48,578; that each party would retain their personal property, household furnishings, bank accounts, jewelry, and life insurance policies upon their respective lives; that Wife shall have the automobile in her possession, a motorcycle, a travel trailer, and chiropractic equipment; and that Husband shall have his business, Schwan Chiropractic, a pontoon boat, and two vehicles. The court also found that Husband's failure to comply with preliminary and other orders was willful and contemptuous and ordered Husband to pay attorney fees to Wife in the amount of $2,390. Husband, by counsel, filed a motion to correct error, and following a hearing the court denied the motion.

The issue is whether the trial court erred in its division of the marital property. In general, *sua sponte* findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. Yanoff v. Muncy, 688 N.E.2d 1259, 1262 (Ind. 1997). When a trial court has made findings of fact, we apply the following two-tier standard of review: whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions thereon. Id. Findings will be set aside if they are clearly erroneous. Id. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Id. A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. Id. To determine that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been

made.  Id.  "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence."  Id.

Ind. Code § 31-15-7-4 governs the division of property in dissolution actions and requires that the trial court "divide the property in a just and reasonable manner."  Ind. Code § 31-15-7-4(b).  The court shall presume that an equal division of marital property between the parties is just and reasonable, and the trial court may deviate from an equal division only when that presumption is rebutted.  Ind. Code § 31-15-7-5.  The trial court's division of marital property is "highly fact sensitive and is subject to an abuse of discretion standard."  Fobar v. Vonderahe, 771 N.E.2d 57, 59 (Ind. 2002).  Also, a trial court's discretion in dividing marital property is to be reviewed by considering the division as a whole, not item by item.  Id.  We "will not weigh evidence, but will consider the evidence in a light most favorable to the judgment."  Id.  A trial court may deviate from an equal division so long as it sets forth a rational basis for its decision.  Hacker v. Hacker, 659 N.E.2d 1104, 1109 (Ind. Ct. App. 1995).

"A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute."  Wanner v. Hutchcroft, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008).  "Thus, we will reverse a property distribution only if there is no rational basis for the award."  Helm v. Helm, 873 N.E.2d 83, 89 (Ind. Ct. App. 2007) (citation omitted).

It is well-established that all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint

5

efforts. Ind. Code § 31-15-7-4(a); <u>Beard v. Beard</u>, 758 N.E.2d 1019, 1025 (Ind. Ct. App. 2001), <u>trans.</u> <u>denied</u>. This "one-pot" theory ensures that all assets are subject to the trial court's power to divide and award. <u>Thompson v. Thompson</u>, 811 N.E.2d 888, 914 (Ind. Ct. App. 2004), <u>reh'g</u> <u>denied</u>, <u>trans.</u> <u>denied</u>. The trial court has no authority to exclude or set aside marital property but must divide all property. <u>Moore v. Moore</u>, 695 N.E.2d 1004, 1010 (Ind. Ct. App. 1998).

Ind. Code § 31-15-7-5 provides:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

6

(A)     a final division of property; and

(B)     a final   determination   of   the
        property rights of the parties.

Husband argues that the trial court abused its discretion in failing to determine a value for certain marital property including the marital residence, in determining the value of his business, and in distributing the marital estate unequally. Wife argues that Husband refused to participate in the litigation, failed to appear or introduce evidence of the value of the marital assets at the final hearing, and is thus estopped from challenging the court's division of the marital estate. Wife also argues that the court did not abuse its discretion in valuing the assets in the marital estate or in dividing the marital estate.

In In re Marriage of Church, this court held that "any party who fails to introduce evidence as to the specific value of the marital property at the dissolution hearing is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence." 424 N.E.2d 1078, 1081 (Ind. Ct. App. 1981). The court further held that "[t]his rule places the burden of producing evidence as to the value of the marital property where it belongs on the parties, rather than on the trial court," that "[i]t is appropriate to require the parties to bear the burden of gathering and presenting to the trial court evidence as to the value of the marital property rather than to place upon the trial court the risk of reversal if it distributes the marital property without specific evidence of value," that "we do no more than place the burden of producing evidence as to the value of the marital property squarely where it belongs on the shoulders of the parties and their attorneys," and that "[a]fter all, the general rule is that parties to a legal

7

proceeding are bound by the evidence they introduce at trial and they are not allowed a second chance if they fail to introduce crucial evidence. We see no reason to make dissolution proceedings an exception to this rule." Id. at 1082.

Here, the trial court found that Husband had failed to follow the court's previous orders related to paying Wife spousal maintenance and obtaining an appraisal on the building in Ohio where Husband's chiropractic practice was located. The court also found that Husband failed to fully and completely answer interrogatories and request for production of documents or to reimburse the escrow account. Moreover, and importantly, Husband did not appear in person or by counsel at the final hearing and thus failed to present any evidence related to the value of the property in the marital estate. Accordingly, Husband is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence. See Church, 424 N.E.2d at 1081-1082. See also In re Marriage of Larkin, 462 N.E.2d 1338, 1344 (Ind. Ct. App. 1984) (finding no abuse of discretion in the trial court's division of assets where the parties failed to provide evidence of the value of certain assets at trial); Showley v. Showley, 454 N.E.2d 1230, 1231 (Ind. Ct. App. 1983) (rejecting the wife's claims that "the trial court was required to sua sponte fill the evidentiary void when the parties failed to introduce evidence of value"); Hawblitzel v. Hawblitzel, 447 N.E.2d 1156, 1162 (Ind. Ct. App. 1983) ("The wife had the burden of placing values into evidence if she found error in those given by the husband. Having failed to appear, she is now ill positioned to challenge the property distribution, which was made on the basis of credible evidence given by the husband.").

Further, with respect to Husband's argument that the court abused its discretion in distributing Schwan Chiropractic to him when the business is actually future earning capability, we note that the record contained evidence related to the value of the business. The 2009 joint tax return for Husband and Wife shows that Schwan Chiropractic had a gross income of $121,907 and net profit of $40,037 and that Husband and Wife's total income was $37,859. The tax return transcript[1] for Husband and Wife for 2008 shows that Schwan Chiropractic had net gross receipts of $120,099 and a net profit of $37,886 and that Husband and Wife had a total income of $32,195. The tax return transcript for Husband and Wife for 2007 shows that Schwan Chiropractic had net gross receipts of $129,115 and a net profit of $25,360, and that Husband and Wife had a total income of $31,375. The tax return documents for 2009, 2008, and 2007 show office expense amounts of $24,411, $25,221, and $49,995, respectively. Wife testified that Husband prepared the tax returns, that she did not believe that the office expense amounts used accurately reflected the actual expenses and that she did not recall having office expenses in those amounts, and that the utility expense amount of $11,459 shown on the 2009 tax return was higher than the utility expense amounts shown of $7,856 for 2008 and of $5,829 for 2007 and nothing warranted the increase. Wife also testified that she and her counsel highlighted those expenses on the tax return and transcripts which they considered questionable. Wife testified that Husband's annual income ranged from fifty to eighty thousand dollars. Wife further testified that she valued Husband's business in her summary at $80,000 based upon his earnings for one year. Wife testified that she

---

[1] Wife testified that she and her counsel obtained the tax return transcripts for 2007 and 2008 from the IRS because Husband would not provide the tax returns for those years.

worked in the reception area for Schwan Chiropractic; made all the schedules, answered the phones, took patients to the rooms, and submitted insurance for physical therapy; that she was the sole employee; and that she purchased supplies, furniture, and other things for the company. Wife further testified that she worked in the business for twenty-two years and is able to operate the business of a chiropractic office.

With respect to Husband's argument that the court abused its discretion in distributing the marital estate, we note that Wife presented a summary of the value of property in the marital estate. Wife also testified that her highest level of education was high school and that Husband's highest level of education was Doctor of Chiropractic. Wife further testified and presented evidence that she was employed babysitting for her grandchildren and earned fifty dollars per week doing so, that she received a portion of a GM pension from her first husband and a social security benefit which together totaled $155.58 per week, and that she had an appraisal of the building in which the chiropractic clinic operated which valued the building at $60,000. Wife also testified that the marital residence was in foreclosure, that she did not know if there was any equity in the residence, and that she concluded there was no equity in the house. Wife presented evidence of Husband's income from his business as set forth in tax return documents for 2007, 2008, and 2009 as described above. Wife further testified that, other than working at the chiropractic clinic and babysitting her grandchildren, she had not been employed during the prior twenty years, that she was not given a paycheck while she worked at the clinic although she was issued a W-2, that Husband did not make proper social security withholdings during that period, and that "now [she is] reaping that because [she is] at

social security age and [] not getting very much money at all after working there 22 years." Transcript at 55. Wife also testified that she was requesting that the building in which the clinic operated and chiropractic equipment associated with the clinic be awarded to her, in part because she did not believe that Husband would follow a court order to pay her a monetary award and because she would be able to sell the equipment and receive the funds as she and her attorney had some difficulty in locating enough property to set over to her to effect the percentage property division she requested.

There is support in the record for the court's division of the marital estate. Under the circumstances and upon review of the record and the court's findings and conclusions, we cannot say that Husband has overcome the strong presumption that the court considered and complied with the applicable statute. Wanner, 888 N.E.2d at 263.

For the foregoing reasons, we affirm the trial court's division of the marital estate.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.

11