Stephen Michael **KRASOWSKI**,
Appellant–Respondent,

v.

Linda Sue **KRASOWSKI**,
Appellee–Petitioner.

No. 45A05–9705–CV–183.

Court of Appeals of Indiana.

Feb. 10, 1998.

---

Eugene M. Feingold, Steven P. Kennedy, Law Offices of Eugene M. Feingold, Munster, for Appellant–Respondent.

Kisti Good Risse, Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellee–Petitioner.

## OPINION

BARTEAU, Judge.

Stephen Krasowski (Husband) appeals the trial court's Order and Supplemental Findings of Fact and Conclusions of Law made on remand and presents the following consolidated and restated issue for our review: whether the trial court's unequal division of marital property was just and reasonable?[1] We affirm.

### FACTS[2]

This is the second appeal presented by Husband challenging the trial court's division of marital property in a dissolution action between Husband and Linda Krasowski (Wife). Initially, the trial court entered a Decree of Dissolution of Marriage which purported to divide the marital property equally between the parties, but allowed Wife to remain in the marital residence, owned by tenancy in common with Husband, until one of the following events occurs: Wife loses custody of both children, the parties' youngest child is emancipated, Wife remarries or lives with a man, Wife fails to timely pay real estate taxes or insurance on the residence, or the parties voluntarily agree to sell the property. When one of those events occurs, the house is to be sold and the proceeds divided equally between the parties. Until then, Wife is responsible for all expenses associated with the house, including taxes, insurance and maintenance. R. 156–57. Upon Husband's first appeal, a panel of this court, in a Memorandum Decision, decided that making the sale of the home dependent upon the children's emancipation and factors under Wife's exclusive control rendered the order too uncertain, as it is possible that none of the enumerated events would occur. This court further decided that granting Wife the right to live in the home pending the occurrence of one of the enumerated events constituted an unequal division of property which required specific findings in support. We therefore remanded to the trial court "with instructions to enter specific findings fixing a date or event for sale of the marital home and justifying an unequal distribution of the marital assets." R. 177–82.

The trial court, upon remand, entered an order which left the division of property unchanged, added a specific date for sale of the marital residence, and set forth specific findings in support of its unequal property division. The Order read, in pertinent part, as follows:

### FINDINGS OF FACT

1. [Husband], at the conclusion of these proceedings, enjoyed economic circumstances far superior to those of [Wife].

2. The earnings and earnings ability of [Husband] are greater than the earnings and earnings ability of [Wife]. Pursuant to the Court's original Findings of Fact number 1.9, [Husband] has and continues to earn substantially more income than [Wife], even taking into account earnings imputed to [Wife].

3. During the parties' marriage, [Wife's] employment outside the home was interrupted by mutual agreement of the parties so that she could serve as a full-

---

1. Husband has attached Appendices B and C to his brief which contain information outside the record of this cause. We may not receive information as to the proceedings below except from the transcript of record. *In re Marriage of Snemis*, 575 N.E.2d 650, 655 (Ind.Ct.App.1991). We therefore grant Wife's Motion to Strike the appendices and all references thereto.

2. Husband's Request for Oral Argument is denied.

time wife and mother. [Husband], in contrast, worked continuously outside the home enabling him to achieve an earnings capacity far greater than [Wife].

4. [Husband] has advanced educational degrees in construction technology, architectural technology, and industrial supervision. [Wife] is a high school graduate but has no advanced decrees [sic] or skills which would enable her to earn income comparable to [Husband], especially taking into account her significant absence from the workforce to serve as a full-time homemaker.

5. The parties' marital residence is located in close proximity to the childrens' school, church and friends, and a relocation of the children to a new neighborhood would be traumatic for them and contrary to their best interests given the totality of the circumstances.

6. It is in the childrens' best interests that the marital residence be maintained for them.

7. Given [Wife's] employment prospects and prospective earnings for the immediate future (based upon her lack of education and lack of experience in the workforce), and taking into account the division of assets otherwise ordered by the Court, [Wife] does not have sufficient resources to obtain replacement housing in the immediate locale of the marital residence.

8. It would be unjust to require [Wife] to utilize the majority of her portion of awarded marital assests [sic] in order to purchase suitable replacement housing for the children while [Husband] would have no such burden.

9. Considering the share of marital assets awarded to [Husband], exclusive of his interest in the marital residence, [Husband] will have sufficient assets and income so that maintaining the marital residence in the manner prescribed by the final order of this court does not create a hardship for him.

### CONCLUSIONS OF LAW

The Court, having considered the evidence and the specific Findings of Fact herein, enters the following Conclusions of Law:

1. In accordance with Indiana Code § 31–1–11.5–11(c), [Wife] shall be entitled to dwell in the family residence … until any one of the following conditions occur:

a. [Wife] loses custody of both minor children;

b. The youngest child of the parties is emancipated;

c. [Wife] remarries or co-habits with an unrelated adult male;

d. [Wife] fails to timely pay the real estate taxes and/or insurance thereon;

e. [Wife] and [Husband] voluntarily agree in writing to sell the real estate; or

f. The youngest child of the parties attains the age of twenty-one (21) years.

2. A just, equitable and reasonable distribution of the marital assets is that [Wife] be permitted to dwell in the marital residence until the occurrence of one of the conditions set forth above, and that the remainder of the marital assets be divided in accordance with the Court's original Conclusion of Law number 16.

. . . .

4. To the extent that the Court of Appeals has held that the distribution represents an unequal division of the marital assets, this Court hereby justifies its distribution pursuant to Indiana Code § 31–1–11.5–11 for all of the reasons set forth in the herein Findings of Fact. In addition, the marital residence does not dominate the sum total of the martial [sic] assets, and there are sufficient marital assets awarded to [Husband], exclusive of his interest in the marital home, to justify permitting [Wife] and the children to dwell in the marital residence.

5. It is this Court's intention that the original Findings of Fact and Conclusions of Law entered by this Court … shall remain in full force and effect unless inconsistent with any of the Court's Findings or

Conclusions herein, and in that event these Findings and Conclusions shall control.

R. 193–96.

Husband now appeals from this Order and Supplemental Findings of Fact and Conclusions of Law.

## STANDARD OF REVIEW

The distribution of marital assets is traditionally a matter within the sound discretion of the trial court. *In re Marriage of Davidson*, 540 N.E.2d 641, 643 (Ind.Ct.App. 1989). The party challenging the trial court's division must overcome a strong presumption that the court considered and complied with the applicable statute. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1325 (Ind.Ct.App. 1991). We presume the trial court followed the law and made all proper considerations in making its decision. *R.E.G. v. L.M.G.*, 571 N.E.2d 298, 300 (Ind.Ct.App.1991).

When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion, considering only the evidence most favorable to the trial court's disposition of the property. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Myers v. Myers*, 560 N.E.2d 39, 42 (Ind.1990). An abuse of discretion also occurs when the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.* Section 31–1–11.5–11 [3] of the Indiana Code governs the disposition of marital assets in a dissolution proceeding.

## UNEQUAL DIVISION

Husband asserts that the trial court failed to make a just and reasonable division of the marital property when it divided the property unequally. He essentially raises two arguments to support his conclusion that the trial court did not make a just and reasonable division. [4] First, he argues that, as the trial court had stated in its original decree that an equal division of marital property was appropriate, on remand, the trial court was bound by that finding, and should have altered the distribution to be consistent with its original finding, as opposed to supplementing its findings to support the distribution. Second, Husband argues that the facts and circumstances of this case do not support an unequal division of the marital assets.

### Finding Inconsistent with Division

In its original decree, the trial court stated in its Findings of Fact that "[a] just, equitable and reasonable distribution for [Wife] and [Husband] is that each receive 50% of the marital estate." R. 145. The court thereafter listed each asset of the parties and its respective value, for a total of $256,646.58 in marital assets. R. 146. The real estate was valued at $143,000.00, as stipulated by the parties. R. 146–47. However, as the trial court further determined that "[i]t would be unjust and inequitable to require that the marital residence be sold at this time[,]" the trial court ordered that, in accordance with Indiana Code section 31–1–11.5–11(c), Wife would be entitled to dwell in the marital residence with the parties' children until one of several enumerated events occurred, at which time the house would be sold and the proceeds of the sale divided equally between the parties. R. 156. The trial court divided the remainder of the marital assets on an approximately equal basis between the parties. R. 157–68. The court further stated that "[t]o the extent that the preceding division of assets does not constitute an equal division of the marital property, an equal division of the marital property is not wholly practical in this cause inasmuch as [Husband] will not have access to his share of the equity in the marital residence for a time which could potentially be as long as 14

3. Repealed, 1997, and recodified at Indiana Code sections 31–15–7–2 through –6.

4. Because we affirm the trial court's unequal distribution of assets, it is unnecessary to address Husband's contention that in order to effect an equal distribution in accordance with the trial court's original findings, it was necessary for the court to determine the present value of the interest in the martial residence awarded to the respective parties.

years." R. 159. Husband appealed, and a panel of this court agreed with Husband's contention in his original appeal that this was an unequal distribution of the marital property, and therefore remanded to the trial court to enter findings justifying the unequal distribution. R. 180–82. On remand, the trial court entered supplemental findings of fact and conclusions of law, as set forth above, justifying its original, unequal distribution.

Husband argues that the trial court, on remand, was bound by its original "Finding of Fact" that an equal division was just, equitable and reasonable and therefore, "should be required to amend its distribution, not its Findings of Fact." Brief of Appellant at 16. He further states that because "the findings are established from the evidence, it is the actions taken as a result of the findings which should be amended where necessary...." *Id.* Husband presents no legal authority in support of this argument, however, and his failure to cite authority to support this contention constitutes waiver of this issue. Ind. Appellate Rule 8.3(A)(7); *Berger v. Berger,* 648 N.E.2d 378, 381 (Ind.Ct.App. 1995); *Crutcher v. Dabis,* 582 N.E.2d 449, 451 (Ind.Ct.App.1991).

■ Waiver notwithstanding, the trial court did not err in retaining the original distribution scheme and supplementing its original decree with specific findings justifying the distribution. The trial court's disposition of marital property is to be considered as a whole, not item by item. *In re Marriage of Snemis,* 575 N.E.2d 650, 653 (Ind.Ct. App.1991). Reading the trial court's original decree in its entirety, it is clear that the trial court's intention was for the children to be able to remain in the marital residence, and also that the court believed that the manner in which it divided the property between the parties both effected this intention and divided the property equally. Additionally, although the trial court's original statement that an equal division was just and equitable in this case appears under the heading "Findings of Fact," it would more appropriately be denominated as a conclusion of law. What is just and equitable under a given set of circumstances is not a fact that can be definitively determined, but a conclusion to be drawn from the facts.

Contrary to Husband's assertion that the initial "finding" that an equal division was appropriate was not changed after remand, and that therefore an inconsistency remains in the trial court's distribution, the trial court expressly stated in its supplemental order that the findings and conclusions therein were to control over any inconsistent findings and/or conclusions in its original order. Thus, the initial finding which Husband contends should control the division of property herein was superseded by the supplemental order and presents no conflict with an unequal division.

Finally, on Husband's first appeal, this court decided that the trial court's distribution was, in fact, unequal, given that Husband's realization of his one-half interest in the marital residence was deferred, and that specific findings were therefore required in justification. Accordingly, we remanded this case to the trial court with instructions to enter specific findings "justifying an unequal distribution of the marital assets." R. 181–82. The decision seems to assume that the property division need not be changed if the trial court could support the division as just and reasonable by entering specific findings. We specifically made no statement regarding the question of whether the judgment was in fact just and reasonable, a question to which we now turn.

### *Just and Reasonable Distribution*

■ Indiana Code section 31–1–11.5–11 governed disposition of property in this dissolution action. The trial court "shall divide the property of the parties ... in a just and reasonable manner...." Ind.Code § 31–1–11.5–11(b). The court shall presume that an equal division of marital property between the parties is just and reasonable, and the trial court may only deviate from an equal division when that presumption is rebutted. Ind.Code § 31–1–11.5–11(c); *Davidson,* 540 N.E.2d at 645. The presumption may be rebutted by evidence of the following to show that an equal division would not be just and reasonable: the contribution of each spouse to the acquisition of property, regardless of

whether the contribution was income producing; the economic circumstances of each spouse, including the desirability of awarding the marital residence or the right to dwell therein for a period deemed just to the custodial parent; and the earnings or earnings ability of each spouse. Ind.Code § 31–1–11.5–11(c)(1), (3), (5). Although the trial court may divide the property unequally, it must indicate the basis for the deviation. *Scott v. Scott,* 668 N.E.2d 691, 705 (Ind.Ct. App.1996).

On remand, the trial court made supplemental findings of fact and conclusions of law in support of its original division of property. Reviewing the findings set forth in the trial court's supplemental order, it is clear that the trial court had before it evidence concerning each of the factors mentioned above, and determined, based upon that evidence, that a just and reasonable division of property in this case was to allow Wife to remain in the marital residence for the benefit of the parties' children. In all other respects, the division of property was substantially equal, and at such time as the residence is sold, the parties will share equally in the proceeds. Additionally, the residence represented only slightly over half of the total assets of the parties, and therefore, Wife did not receive, even during this interim period the "lion's share" of the parties' assets. *Compare Herron v. Herron,* 457 N.E.2d 564, 567 (Ind.Ct. App.1983) (ordering the marital residence, valued at $68,000, sold was a just and reasonable division when the house was the parties' most valuable asset, and aside from the house, there was relatively little marital property to be divided) *and Swinney v. Swinney,* 419 N.E.2d 996, 997–99 (Ind.Ct. App.1981) (awarding Wife the marital residence outright, which represented approximately 88% of the total marital assets, was not a just and reasonable property division) *with Wagner v. Wagner,* 491 N.E.2d 549, 552–53 (Ind.Ct.App.1986) (allowing Wife to live in marital residence with parties' children and requiring Husband to share mortgage and other related costs was not unjust where the house was not the sole or dominating marital asset and would be sold and the proceeds divided evenly when, at the latest, their youngest child turned 21).

We do not find that the trial court abused its discretion in weighing the evidence as it did, and we find no abuse of discretion in the trial court's property division as a whole.

## CONCLUSION

The trial court did not abuse its discretion in supplementing its findings to support its original, unequal division of the marital property. The property division ordered by the court was a just and reasonable division and did not constitute an abuse of discretion.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.