GAMAS–CASTELLANOS, Erick
David, appellant,

v.

GAMAS, Catherine Marie, appellee.

No. 10S01–0401–CV–11.

Supreme Court of Indiana.

Feb. 20, 2004.

## ORDER

Erick David Gamas–Castellanos ("Father") and Catherine Marie Gamas ("Mother") divorced in Texas. The Texas decree granted Mother permanent physical custody of the parties' two children and granted Father visitation. Mother thereafter moved with the children to Indiana. Later, Mother sent the younger child to stay with Father in the Netherlands. Father subsequently moved to Louisiana with the younger child.

Mother objected to the child's living in Louisiana with Father. She registered the Texas dissolution decree in the Clark Circuit Court in Indiana. Mother then traveled to Louisiana and brought the younger child back to Indiana, based on the registered Texas decree which gave her custody of both children.

On June 14, 2002, Father filed in Louisiana a motion that requested a determination of the custody of the children. Mother appeared in the Louisiana action and filed a motion to dismiss, alleging that Louisiana lacked subject matter jurisdiction. Louisiana's version of the Uniform Child Custody Jurisdiction Act ("UCCJA"), like Indiana's, is similar to the uniform act. On October 28, 2002, the Louisiana trial court entered an order finding that under its UCCJA law, Louisiana was the home state of the younger child and therefore had jurisdiction to decide custody issues concerning that child. The court ordered the return of the younger child to Father's physical custody and placement of

the permanent custody issue on its docket. However, the Louisiana court found that under the UCCJA, it lacked jurisdiction to decide custody issues regarding the older child.

An appeal ensued. In an unpublished disposition, the Louisiana Court of Appeals affirmed, finding no error in the trial court's conclusion that Louisiana courts have jurisdiction over the custody of the younger child. *Gamas v. Gamas,* Cause No. 2002–CW–2651 (La.Ct.App., Jan. 23, 2003).

In the meantime, on July 9, 2002, Mother had filed a motion to modify visitation in the Clark Circuit Court in Indiana. Father responded with motions asserting, in part, that a Louisiana court had already ruled that it had jurisdiction to decide custody of the younger child, had directed return of the child to Father, and that Indiana courts were precluded from asserting jurisdiction over the custody of that child.

In orders issued February 10 and February 14, 2003, the Clark Circuit Court concluded that, contrary to the determination of the Louisiana courts, Indiana was the home state of both children and that Indiana should exercise jurisdiction over the custody dispute.

On appeal, the Indiana Court of Appeals affirmed. *Gamas–Castellanos v. Gamas,* 794 N.E.2d 1152 (Ind.Ct.App.2003), *vacated.* We granted the Father's petition to transfer jurisdiction, thus vacating the opinion of the Court of Appeals. *See* Ind. Appellate Rules 57, 58(A). We conducted oral argument on February 18, 2004.

 Because this appeal involves an issue of child custody, the Court has elected to expedite the case by issuing this dispositive published order rather than an opinion. *See* Ind. Appellate Rule 21(A). In sum, we conclude that Louisiana exer-cised jurisdiction in substantial conformity with the UCCJA, and therefore under Indiana Code § 31–17–3–6, the Clark Circuit Court should not have also exercised jurisdiction over custody of the younger child. Further, even if Louisiana erred in determining which state was the home state for purposes of deciding custody of the younger child, because the issue was conclusively litigated in Louisiana with both sides fully participating, the decision of the Louisiana court system is entitled to full faith and credit in Indiana. *See Lee v. DeShaney,* 457 N.E.2d 604, 607–08 (Ind. Ct.App.1983).

For the forgoing reasons, the judgment of the Clark Circuit Court is reversed in part. The matter is remanded to the trial court with directions to vacate its judgment to the extent it exercises home state custody jurisdiction over the parties' younger child, and to take any other actions necessary and consistent with this order.

All Justices concur.