## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 04 2016, 6:30 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Marcia E. Avery-Hanley
Law Office of Marcia E. Avery-Hanley
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kulwinder Kaur,

*Appellant-Respondent,*

v.

Hardev S. Bal,

*Appellee-Petitioner.*

February 4, 2016

Court of Appeals Case No.
49A02-1409-DR-658

Appeal from the Marion Superior Court

The Honorable Theodore M. Sosin, Judge
The Honorable Caryl F. Dill, Magistrate

Trial Court Cause No.
49D02-1112-DR-46524

**Bradford, Judge.**

# Case Summary

[1] Appellant-Respondent Kulwinder Kaur ("Wife") appeals the trial court's distribution of the marital estate in her divorce from Appellee-Petitioner Hardev S. Bal ("Husband"). Specifically, Wife contends that the trial court abused its discretion in valuing the marital residence, in including some property in the marital estate, in excluding other property from the marital estate, and in ordering an unequal distribution of the marital estate. Because we conclude that the trial court acted within its discretion in some regards but abused its discretion in others, we affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum decision.

## Facts and Procedural History

[2] Husband and Wife were married on April 15, 1993. During the course of their marriage, Husband and Wife moved to Indiana with their two children. Upon moving to Indiana, the parties purchased a home in Indianapolis and Husband purchased a Star Mart "gas station and mini-mart" business located in Wingate. Appellant's App. p. 8. Husband and Wife separated on January 2, 2010. At the time of separation, Husband was employed at the Star Mart and Wife was employed by the United States Postal Service.

[3] On December 7, 2011, Husband filed a petition seeking a dissolution of the parties' marriage. The trial court conducted an evidentiary hearing on June 17 and 18, 2014. On August 22, 2014, the trial court issued an order dissolving the parties' marriage and distributing the marital estate. The trial court's order also

included a determination relating to child custody, support, and visitation.[1] This appeal follows.

# Discussion and Decision

[4] Wife contends that the trial court abused its discretion in dividing the marital estate. Specifically, Wife asserts that the trial court abused its discretion in valuing the marital residence, including the 2013 Nissan Altima in the marital estate, and failing to include Husband's $56,107 interest in corporate stock in the marital estate. Wife further asserts that the trial court abused its discretion in ordering an unequal distribution of the marital estate.

# I. Standard of Review

[5] The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004); *Elkins v. Elkins*, 763 N.E.2d 482, 484 (Ind. Ct. App. 2002). "'An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Dillard v. Dillard*, 889 N.E.2d 28, 32 (Ind. Ct. App. 2008) (quoting *Poppe v. Jabaay*, 804 N.E.2d 789, 793 (Ind. Ct. App. 2004), *trans. denied*).

---

[1] The parties do not challenge the portions of the trial court's dissolution order relating to child custody, support, or visitation.

When a party challenges the trial court's division of marital property, [s]he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *DeSalle*, 818 N.E.2d at 44. We may not reweigh the evidence or assess the credibility of the witnesses, and we will consider only the evidence most favorable to the trial court's disposition of the marital property. *Id*. Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id*.

*Galloway v. Galloway*, 855 N.E.2d 302, 304 (Ind. Ct. App. 2006).

## II. Valuation of Marital Residence

[6] Wife asserts that the trial court abused its discretion in valuing the marital residence at $155,000. "[T]he burden of producing evidence as to the value of the marital property rests squarely on the shoulders of the parties and their attorneys." *Galloway*, 855 N.E.2d at 306 (internal case quotation and citation omitted).

[7] In the instant matter, neither party provided any evidence relating to the current market value of the marital residence. In fact, both parties explicitly testified that they did not know the current value of the marital residence. Review of the record reveals that the only evidence presented by the parties relating to the value of the marital residence was Husband's testimony that the parties purchased the home in 2007 for $160,425 and that the remaining balance of the mortgage loan was approximately $150,000. Father did testify that the parties

had refinanced the marital residence on two occasions and modified their mortgage on one occasion, but did not present any specific information relating to the value of the marital residence at the time of these transactions.

[8] Given that neither party presented any evidence specifically relating to the value of the marital residence, we cannot say that the trial court's decision to value the marital residence at $155,000, or approximately half the difference between the purchase price of the marital residence and the remaining balance on the mortgage loan, is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. We therefore conclude that the trial court did not abuse its discretion in this regard.[2]

## III.  2013 Nissan Altima

[9] Wife next asserts that the trial court abused its discretion in including a 2013 Nissan Altima into the marital estate because there was no evidence relating to it in the record. In claiming that the trial court acted within its discretion in including the 2013 Nissan Altima in the marital estate, Husband argues that it was included in the Financial Declaration Form Wife submitted to the trial

---

[2]  In concluding that it was within the trial court's discretion to value the home at half the difference between the purchase price of the marital residence and the remaining balance on the mortgage loan, we note the widely-known fact that the housing market took a dip in 2007 and has yet to completely recover.

court in accordance with Marion County Local Rule 49-FR00-504 ("Local Rule FR00-504").

[10] Local Rule FR00-504(C) provides that "[s]ubject to specific evidentiary challenges, the Financial Declaration shall be admissible into evidence upon filing." Despite Father's claim to the contrary, the language of Local Rule FR00-504(C) does not state that the Financial Declaration is self-executing or automatically admitted into evidence, but only that the Financial Declaration is admissible. Neither party points to any exhibit or testimony indicating that Wife's Financial Declaration Form was actually admitted into evidence. As such, the trial court abused its discretion in including the 2013 Nissan Altima in the marital estate.

[11] Furthermore, even if Wife's Financial Declaration Form had been admitted into evidence, the parties' legal date of separation was December 11, 2011, *i.e.*, the date that Husband filed his petition to dissolve the parties' marriage. The marital estate, *i.e.*, the "marital pot," incorporates "all of the property acquired by the joint effort of the parties before the marriage and up to the date of final separation." *Pitcavage v. Pitcavage*, 11 N.E.3d 547, 565 (Ind. Ct. App. 2014) (internal quotation omitted), *reh'g denied*. Thus, because Wife could not have acquired the 2013 Nissan Altima, a model that was not available for purchase until late 2012 or 2013, before the date that Husband filed his petition to dissolve the parties' marriage, the 2013 Nissan Altima should not have been included in the parties' marital estate. *See generally, Moore v. Moore*, 482 N.E.2d 1176, 1179 (Ind. Ct. App. 1985) (providing that a vehicle that was acquired by a

party to a divorce action after the parties' final separation was not subject to distribution in the marital estate). For this additional reason, it was an abuse of the trial court's discretion to include the 2013 Nissan Altima in the marital estate.

## IV. Capital Stock

[12] Wife also asserts that the trial court abused its discretion by failing to include $56,107 in capital stock owned by Husband in the marital estate. Again, Husband owns and operates a Star Mart "gas station and mini-mart." Appellant's App. p. 8. It is undisputed that Husband's ownership interest in this business was acquired during the course of the parties' marriage and should be included in the marital estate. Husband argues that the trial court considered his interest in the capital stock in finding that Husband had no equity in the business. We disagree.

[13] The trial court's order indicates that in finding that Husband had no equity in the business, the trial court considered an appraisal which valued the business and subject property, with all improvements, at $205,000 together with $30,450 in inventory, as reported on the 2011 corporate tax return. The same corporate tax return also indicated that Husband held $56,107 in capital stock.[3] The trial court's order, however, makes no mention of Husband's interest in the capital

---

[3] Review of the appraisal of the value of the business and subject property with all improvements indicates that Husband's interest in the capital stock was not included in the appraisal value.

stock. Upon review, we conclude that the trial court's failure to include Husband's interest in the corporate stock in the marital estate or to explain why such interest was excluded from the marital estate amounts to an abuse of the trial court's discretion. As such, on remand, we instruct the trial court to include Husband's $56,107 interest in corporate stock in the marital estate or to provide an explanation as to why the trial court excluded Husband's interest in the corporate stock from the marital estate.

# V. Unequal Distribution of the Marital Estate

[14] With respect to the division of marital property, Indiana Code section 31-15-7-5 provides as follows:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
> (2) The extent to which the property was acquired by each spouse:
> (A) before the marriage; or
> (B) through inheritance or gift.
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
(5) The earnings or earning ability of the parties as related to:
  (A) a final division of property; and
  (B) a final determination of the property rights of the parties.

[15] In the instant matter, the trial court specifically found that "there should be an equal distribution of the marital debts and assets pursuant to Indiana Code § 31-15-7-5." Appellant's App. p. 12. The parties do not present any argument or evidence on appeal that would convince us that an unequal distribution would be warranted. Thus, on remand, we instruct the trial court to distribute the marital debts and assets equally.

# Conclusion

[16] In sum, we conclude that the trial court acted within its discretion in valuing the marital residence. However, we conclude that the trial court abused its discretion in including the 2013 Nissan Altima in the marital estate and in excluding Husband's interest in $56,107 in corporate stock from the marital estate without providing an explanation as to why Husband's interest in the corporate stock was excluded. On remand, we instruct the trial court to re-calculate the value of the marital estate in accordance with our above-stated conclusions and to order an equal division of the marital estate.

The judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this memorandum decision.

Baker, J., and Pyle, J., concur.